FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>MADDESYN DANIELLE GEORGE, also known as Martha Ruthless,<br><br>                    Defendant. | NO:  2:20-CR-153-RMP-1<br><br>ORDER RESOLVING DEFENDANT'S MOTION TO STRIKE ALIAS AND MOTION TO DISMISS COUNTS TWO AND THREE |

BEFORE THE COURT are a Motion to Strike Alias, ECF No. 18, and a Motion to Dismiss Counts Two and Three of the Indictment, ECF No. 19, by Defendant Maddesyn D. George.  The Court heard the motions at a pretrial hearing on December 29, 2020.  Defendant, who is in custody of the U.S. Marshal, was present and represented by Stephen T. Graham and Anthony Martinez.  Assistant United States Attorneys Richard R. Barker and Alison L. Gregoire were present on behalf of the Government.  All parties and the Court attended the hearing by video conference, with Defendant's consent.  The Court has heard from counsel, reviewed

ORDER RESOLVING DEFENDANT'S MOTION TO STRIKE ALIAS AND MOTION TO DISMISS COUNTS TWO AND THREE ~ 1

the parties' briefing, the remaining docket, and the relevant law, and is fully informed. This Order is entered to memorialize and expand on the oral rulings of the Court.

### Motion to Strike Alias

Defendant seeks to strike "Martha Ruthless" as the name by which Defendant allegedly is "also known as" in the Indictment, and Defendant also seeks to exclude reference to that alleged alias at trial. Defendant argues that the alleged alias is inflammatory and prejudicial, and the inclusion of the name "Martha Ruthless" in the indictment is unnecessary if Defendant stipulates that Defendant used an email containing that or a similar name and registered her cell phone using that name. At the hearing, the Government agreed that if the parties successfully craft a stipulation addressing Defendant's usage of the relevant email address and cell phone account, the Government will not need to refer to the alleged alias at trial.

Although courts may strike "surplusage" from the indictment, Fed. R. Crim. P. 7(d), the Court finds that it is premature to characterize the "Martha Ruthless" alias as extraneous material in the Indictment. Moreover, it is not this Court's practice to provide the Indictment to the jury. However, the Court agrees with Defendant that the risk of prejudice and confusion from the alleged alias outweighs the probative value of the material given to the Court at this time and in light of the Government's representation that they do not intend to use the alias for purposes other than identification of email and FaceBook accounts. *See* Fed. R. Evid. 401, 403.

ORDER RESOLVING DEFENDANT'S MOTION TO STRIKE ALIAS AND MOTION TO DISMISS COUNTS TWO AND THREE ~ 2

1    Accordingly, the Court denies with leave to renew Defendant's request to strike the

2    alias from the Indictment and grants the motion *in limine* portion of the same motion

3    that seeks to exclude reference to the alias at trial.  *See* ECF No. 18.

4        **Motion to Dismiss**

5        "The Fifth Amendment's prohibition on double jeopardy protects against being

6    punished twice for a single criminal offense."  *United States v. Davenport*, 519 F.3d

7    940, 943 (9th Cir. 2008).  "When a defendant has violated two different criminal

8    statutes, the double jeopardy prohibition is implicated when both statutes prohibit the

9    same offense or when one offense is a lesser included offense of the other."  *Id*.

10   (citing *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).  "To determine whether

11   two statutory provisions prohibit the same offense, [courts] must examine each

12   provision to determine if it 'requires proof of an additional fact which the other does

13   not.'"  *Id*. (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  The

14   *Blockburger* test "focuses on the statutory elements of the offense . . . [i]f each

15   requires proof of a fact that the other does not, the [] test is satisfied, notwithstanding

16   a substantial overlap in the proof offered to establish the crimes." *Albernaz v. United*

17   *States*, 450 U.S. 333, 338 (1981).  Ultimately, "[i]f two different criminal statutory

18   provisions indeed punish the same offense or one is a lesser included offense of the

19   other, then conviction under both is presumed to violate congressional intent" and is

20   unconstitutional.  *Id*.

21

ORDER RESOLVING DEFENDANT'S MOTION TO STRIKE ALIAS AND
MOTION TO DISMISS COUNTS TWO AND THREE ~ 3

The Indictment, ECF No. 1, alleges in Count One that, on or about July 12, 2020, on the Colville Reservation, Defendant George, allegedly an "Indian," knowingly and unlawfully killed Kristopher Graber with malice aforethought, in violation of 18 U.S.C. §§ 111(a), 1153(a).  That charge requires the Government to prove that (1) Defendant unlawfully killed the alleged victim; (2) Defendant killed the victim with malice aforethought; and (3) the killing occurred at a specified place of federal jurisdiction.  Ninth Circuit Model Criminal Jury Instruction 8.108 (Murder-Second Degree).  To kill with malice aforethought means "to kill either deliberately and intentionally or recklessly with extreme disregard for human life." *Id*.

In Count Two, the Indictment charges that, on or about July 12, 2020, on the Colville Reservation, George intentionally assaulted Graber with a dangerous weapon, a firearm, in violation of 18 U.S.C. §§ 113(a)(3), 1153.  That offense requires the Government to show the following elements: (1) Defendant assaulted the victim by intentionally wounding him; and (2) Defendant acted with the intent to do bodily harm to the victim; (3) Defendant used a dangerous weapon; and (4) the assault took place on a specified place of federal jurisdiction.  Ninth Circuit Model Criminal Jury Instruction 8.7 (Assault with a Dangerous Weapon).

In Count Three, the Indictment charges that, on or about July 12, 2020, Defendant knowingly used, carried, brandished, and discharged a firearm, a black Springfield Armory XD 9mm "semi-auto" pistol during and in relation to a crime of violence for which she may be prosecuted in federal court, that is, assault with a

ORDER RESOLVING DEFENDANT'S MOTION TO STRIKE ALIAS AND MOTION TO DISMISS COUNTS TWO AND THREE ~ 4

dangerous weapon, as set forth in Count Two, in violation of 18 U.S.C. § 924(c). This offense entails a showing of the following elements: (1) Defendant committed the crime of assault with a dangerous weapon; (2) assault with a dangerous weapon is a crime of violence; and (3) Defendant knowingly used, carried, and brandished the black Springfield Armory XD 9mm semi-automatic pistol during and in relation to that crime.  Ninth Cir. Model Criminal Jury Instruction 8.71 (Firearms—Using or Carrying in Commission of a Crime of Violence or Drug Trafficking Crime).

Defendant argues that Count One, second degree murder, is multiplicitous with Counts Two and Three, assault with a dangerous weapon and using a firearm in the commission of a crime of violence, respectively, because "it cannot be said that Congress could have intended that there would be separate punishments for murder and assault in firearm shooting deaths."  ECF No. 19 at 3−4.

However, the elements of the offenses charged are not identical.  For instance, second degree murder requires proof that Defendant killed the alleged victim with malice aforethought while discharge of a firearm during a crime of violence requires use and discharge of a firearm.  When a crime requires proof of additional or distinct elements not found in the statute for the allegedly multiplicitous crime, they do not constitute the "same offense" for double jeopardy purposes.  *See Blockburger*, 284 U.S. at 304.  Therefore, Defendant's Motion to Dismiss Counts Two and Three, ECF No. 19, is denied.

Accordingly, **IT IS HEREBY ORDERED**:

ORDER RESOLVING DEFENDANT'S MOTION TO STRIKE ALIAS AND MOTION TO DISMISS COUNTS TWO AND THREE ~ 5

1.    Defendant's Motion to Strike Alias, **ECF No. 18**, is **DENIED WITH LEAVE TO RENEW** with respect to striking the alleged alias from the Indictment and **GRANTED** with respect to reference to the alias at trial.

2.    Defendant's Motion to Dismiss Counts Two and Three, **ECF No. 19**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 29, 2020.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge