Stephen T. Graham
steve@grahamdefense.com
Law Office of Steve Graham
1312 North Monroe Street, Suite 140
Spokane, WA 99201
Tel: (509) 252.9167

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff,*<br><br>v.<br><br>MADDESYN DANIELLE GEORGE,<br><br>  *Defendant.* | No. 2:20-CR-153-RMP<br><br>**DEFENDANT'S MOTION FOR SENTENCING DEPARTURE** |

## I. INTRODUCTION

The court has asked counsel to file any motions for sentencing departures by September 22nd, 2021, and has provided a deadline of October 13th, 2021 for any sentencing memoranda. The defense in this case will be requesting a departure from the sentence guidelines as well as a variance. Our request for departure will be discussed below. A variance will be touched on in this memorandum but will mostly be discussed in our sentencing memorandum to be filed on October 13th, 2021. Ms. George faces a guideline sentence of 108 to 135 months. Her statutory minimum is 5 years. She is not eligible for a safety valve. The defense will be requesting a sentence of no more than 5 years.

**DEFENDANT'S MOTION FOR**      1
**SENTENCING DEPARTURE**

## II.    ARGUMENT

Ms. George looks forward to being able to speak to the court directly about what happened last July for the first time. Her case is different from almost all other homicide cases before this court in that she shot to death a man who sexually assaulted her. Hundreds of pages of legal memoranda and exhibits have been filed with this court, and by the time sentencing occurs perhaps hundreds of pages of further of legal pleadings will be filed. However, more than anything else that is said on her behalf, we would ask the court to primarily rely on Ms. George's statement that she made to the police after she shot Mr. Graber. It is important for the court to hear what she said in her own words when she was interviewed that afternoon in July, 2020.  The recording has been grossly mischaracterized by the government.  A transcript was submitted with her tears and sniffling described as laughter (ECF 68, Exh. 2), and she was accused of repeating the officer's questions back and being evasive (ECF 44, Page 3). The recording is already in the record as ECF 69.  The recording was made prior to her conferring with any attorney, and long before her case garnered any public attention. The recording describes an almost unspeakable indignity. Yet she was able to find her voice and tell the two male officers what happened to her the night prior.  Ms. George was admittedly high on methamphetamine, and she was sleep deprived, and with her ears still ringing from the shot fired within the car.  Any fair-minded listener will find the account inherently credible with the descriptions of such odd behavior by Mr. Graber.  But in addition to the recording's inherent credibility, the account is bolstered by the testimony of Shannon Edwards who explained that Maddesyn George complained of the sexual assault prior to even being confronted by Mr. Graber.  Later the police visited Mr. Graber's home and took a rather routine set of photographs of the residence.  Captured in a single photograph, likely by accident, was a pair of steel

DEFENDANT'S MOTION FOR                         2
SENTENCING DEPARTURE

handcuffs bolted to the wall. See defendant's sentencing exhibit 2. Other witnesses described Mr. Graber being in possession of a Sawzall saw, fitted with a phallus on the end rather than a saw blade. See PSR Pg. 6 - ¶13. The details of this case set it far apart from all the other rash and hot-blooded manslaughter cases that come into this nation's state or federal courts. Maddesyn George was called upon to act rationally and reasonably after an extremely traumatic event. The defense urges the Court to grant a substantial downward departure to account for victim provocation and other mitigating factors in this case. A substantial downward departure or variance is warranted, first, because Mr. Graber's violent and abusive conduct toward Ms. George contributed significantly to provoking the shooting. A substantial downward variance is also warranted based on Ms. George's history of being a victim of domestic violence and childhood sexual abuse, which likely made her hypervigilant and prone to over-reacting to any threat. Notably, even before *Booker*, the guidelines provided for a downward departure based on victim misconduct. As acknowledged in policy statement §5K2.10 of the guidelines, a victim's wrongful conduct that "contributed significantly to provoking the offense behavior" is mitigating and may warrant a below-guidelines sentence. Factors relevant to this analysis include (1) the relative size and strength of the victim compared to the defendant; (2) the "persistence of the victim's conduct and any efforts by the defendant to prevent confrontation;" (3) the "danger reasonably perceived by the defendant, including the victim's reputation for violence;" (4) the "danger actually presented to the defendant by the victim;" (5) any other relevant victim conduct that "substantially contributed to the danger presented;" and (6) the "proportionality and reasonableness of the defendant's response to the victim's provocation." U.S.S.G. §5K2.10.

    In addition to the sexual assault by Mr. Graber, Ms. George faced an environment where she was not able to report the offense against her to the police.

DEFENDANT'S MOTION FOR
SENTENCING DEPARTURE
3

As she will explain at sentencing, she had received the unwanted attention of a male police officer who was very aggressive in pursuing her. He has been disciplined for similar conduct as described in our exhibit list. Far from just a matter of the individual pathology of Mr. Graber, Ms. George survived in an environment very hostile toward the rights of Native women.

DATED this 22nd day of September, 2021

*s/* Stephen T. Graham
Stephen T. Graham, WSBA #25403
Attorney for the Defendant
Law Office of Steve Graham

DEFENDANT'S MOTION FOR
SENTENCING DEPARTURE

4

CERTIFICATE OF SERVICE

I hereby certify that on September 22nd, 2021, I electronically filed the Defendant's Motion for Sentencing Departure with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following: Alison Gregoire, Assistant United States Attorney, and Richard Barker, Assistant United States Attorney

<pre>
                                s/ Stephen T. Graham
                                Stephen T. Graham, WSBA #25403
                                Attorney for the Defendant
                                Law Office of Steve Graham
</pre>