Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Richard R. Barker
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>MADDESYN DANIELLE GEORGE,<br>　　　　　　　　　　Defendant. | Case No. 2:20-CR-00153-RMP-1<br><br>UNITED STATES' RESPONSE TO COURT'S ORDER – ECF NO. 141 |

　　　The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Alison L. Gregoire and Richard R. Barker, Assistant United States Attorneys, submits the following response to the Court's order pertaining to the United States' motion for a writ so that Cara Campbell can be made available to testify at sentencing.

　　**A. Relevance of Cara Campbell's Testimony**

　　Defendant has objected to paragraph 45 of the PSIR "the content by Ms. Campbell." ECF No. 103 at 2. The United States proffers that Cara Campbell is anticipated to testify consistent with her account set forth in paragraph 45 of the PSIR which provides in relevant part, George told Campbell Graber was her on

United States' Resp. to Court Order - 1

again, off again boyfriend. *Id.* George said she would sleep with Graber to get "clear." *Id.* George never mentioned Graber mistreated her. *Id.* Campbell dropped George off at Graber's residence 2 days prior to the shooting. *Id.* She picked George up at Graber's residence around 6 or 7 p.m. the night prior to the shooting. *Id.* George told her she stole $10,000 from Graber, as her daughter needed it. *Id.* George seem giddy and "hellaexcited" that she "jacked" Mr. Graber "better than Michelle did." *Id.* George had a little backpack with her that was possibly purple. *Id.* She and George traveled to a Chevron in Omak and then picked up Cody Ruiz from Shyanna Lightley's residence, after which they all traveled to Nespelem. *Id.* During the ride, George handed Ruiz the backpack and said, "look, I got him." *Id.* George kept telling Ruiz to count the money. *Id.* Ruiz asked if George got any "clear" and she responded about 1 ounce. *Id.* George did not say anything about obtaining a gun. *Id.* When they arrived at the Coulee House Motel, George gave Campbell cash to pay for the room. *Id.* David Priest later came to the room and Priest and George left together around 4 or 5 a.m. *Id.*

Ms. Campbell's anticipated testimony is relevant to sentencing for at least two reasons. *First*, Defendant has denied stealing approximately $6,100 from Graber. Instead, she insists Graber gave her the money. Defendant's admissions to Ms. Campbell – to which Defendant has now objected – are relevant, among other things, for the following reasons:

- The theft is relevant to Defendant's state of mind when she shot Graber – e.g., whether Defendant shot Mr. Graber to retain the stolen property;
- Defendant's demeanor – i.e., that she was "hellaexcited" after robbing Graber – demonstrates Defendant's focus was on the theft and not whatever may have happened between Graber and Defendant the day before; and
- Campbell's account raises questions about Defendant's veracity.

*Second*, Ms. Campbell rebuts Defendant's claim that she was not in a sexual relationship with Graber. This is relevant to Defendant's veracity as well as

United States' Resp. to Court Order - 2

Defendant's allegation of a sexual assault. *See* Fed. R. Evid. 412 (Evidence of specific instances of an accuser's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the accused to prove consent or if offered by the prosecutor).

In short, Defendant has put Ms. Campbell's account of the robbery and Ms. George's demeanor into question by objecting to Ms. Campbell's statements in the Presentence Investigation Report. The United States seeks to call Ms. Campbell so that the Court can take Ms. Campbell's account into consideration when the Court sentences Defendant. In the event Defendant withdraws her objection or the Court denies the objection and elects to credit Ms. Campbell's statements as reflected in the PSIR, Ms. Campbell's testimony may not be necessary at sentencing.

### B. Vaccination Information

Both counsel for the United States as well as the United States' case agent are vaccinated. The United States contacted the facility where Ms. Campbell is currently in custody and was informed Ms. Campbell received her second vaccine dose in March 2021. Alicia Meyer is not vaccinated. Given the current state of the record, the United States does not believe it will need to call Shane Nilles as a witness at sentencing.[1]

---

[1] Pursuant to the Court's order, the United States is seeking vaccination information for witnesses who may testify at sentencing. The United States does not understand this request for vaccination status as pertaining to the victim's family, who may speak at sentencing, pursuant to their rights under 18 U.S.C. § 3771. To the extent the Court would like vaccination information for anyone who may attend the sentencing and/or speak, the United States will follow-up with the family as directed by the Court.

United States' Resp. to Court Order - 3

**C. Remote Testimony**

The United States has no objection to any witness testifying remotely. The United States would object to requiring the victims to appear remotely, as they intend to be physically present to be heard at sentencing and have rearranged their schedules to accommodate the sentencing hearing.

DATED: October 19, 2021

Vanessa R. Waldref
United States Attorney

*s/Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to Counsel of Record.

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

United States' Resp. to Court Order - 5